**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TIEN VO,<br><br>          Plaintiff,<br><br>     v.<br><br>BOARD OF IMMIGRATION APPEALS, et al.<br><br>          Defendants. | Case No.  26-cv-01801-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re:  ECF 2] |

United States District Court
Northern District of California

Plaintiff Tien Vo ("Vo"), a native of Vietnam, entered the United States as a refugee in 1980 at the age of six.  *See* Pet. ¶ 3, ECF 1.  He is in the custody of U.S. Immigration and Enforcement ("ICE") pursuant to a final order of removal, and he has been advised that he will be removed to Vietnam on March 15, 2026.  *See id*. ¶ 1.  Vo filed this mandamus action on March 3, 2026, asserting that the Board of Immigration Appeals ("BIA") has unreasonably delayed in adjudicating his motions to reopen removal proceedings and to stay removal, and seeking to compel the BIA to adjudicate those motions by March 9, 2026.  *See id*. ¶¶ 47-58.

This order addresses Vo's motion for a temporary restraining order ("TRO") filed contemporaneously with his mandamus petition on March 3, 2026.  *See* Mot. for TRO, ECF 2.  Vo requests temporary injunctive relief barring his removal from the United States and requiring the BIA to adjudicate his pending motions to reopen and to stay by March 9, 2026.  *See id*. Defendants – the BIA and other federal agencies and officials (collectively, "the Government") – filed opposition to the motion on March 4, 2026.  *See* Opp., ECF 16.  The Court held a hearing on March 5, 2026.  *See* Minute Entry, ECF 18.

As stated on the record at the hearing and for the reasons discussed below, Vo's motion for a TRO is DENIED.

## I.   BACKGROUND[1]

Vo entered the United States at the age of six as a refugee from Vietnam. *See* Pet. ¶ 27. He later became a lawful permanent resident. *See id.* Vo suffered state court criminal convictions pursuant to guilty pleas in 1994 (attempted robbery), 1995 (battery), and 1999 (accessory after the fact). *See id.* ¶ 29 & Ex. B. He was placed in removal proceedings in 2000, which resulted in a final order of removal to Vietnam. *See id.* ¶¶ 29-30. Because could not be removed to Vietnam at that time, he was released on an order of supervision ("OSUP").[2] *See id.* ¶¶ 30-31.

Over the next twenty-five years, Vo reported annually for OSUP check-ins. *See* Pet. ¶ 34. He is married to a United States citizen and together they have two children who are United States citizens. *See id.* ¶¶ 3, 28. He has a job as driver for a recycling company. *See id.* ¶ 28. Vo filed a second motion to reopen his immigration proceedings on an unspecified date, which was denied. *See id.* ¶ 32.

In 2020, Vo obtained state court orders vacating his convictions *nunc pro tunc* based on findings that his guilty pleas were invalid. *See id.* ¶ 33 & Ex. B. However, he did not file a third motion to reopen his immigration proceedings at that time. Vo claims that he was suffering from mental health conditions that prevented him from pursuing relief. *See id.* ¶ 35.

On September 5, 2025, Vo was detained by ICE when he appeared for his regular OSUP check-in. *See* Pet. ¶ 34. He filed a petition for writ of habeas corpus, which was granted, resulting in his release. *See id.*

On January 29, 2026, Vo filed a third motion to reopen his immigration proceedings with the BIA, asserting a lack of removability based on the state court orders vacating his criminal convictions, along with a motion to stay removal. *See* Pet. ¶¶ 36. In general, a noncitizen may file only one motion to reopen removal proceedings, and that motion must be filed within 90 days

---

[1] The facts in the Background section are drawn from Plaintiff's mandamus petition and are not disputed by the Government.

[2] The United States was unable to remove Vietnamese nationals to Vietnam for many years due to the lack of a repatriation agreement between the United States and Vietnam. *See United States v. Nguyen*, 465 F.3d 1128, 1129 (9th Cir. 2006); *Huynh v. Bondi*, No. C25-2371-KKE, 2025 WL 3718991, at *1 (W.D. Wash. Dec. 23, 2025) ("Vietnam has long refused to repatriate Vietnamese nationals who came to the United States as refugees prior to 1995.").

United States District Court
Northern District of California

after the final order of removal is rendered. *See* 8 C.F.R. § 1003.2(c)(2). Vo asks the BIA to grant an exception to those number and time limits based on documentation of his mental health conditions. *See* Pet. ¶ 28. The Government filed opposition to the motion to reopen on February 18, 2026, and Vo filed a reply on February 26, 2026. *See id*. ¶ 36.

On February 26, 2026, the same date his motion to reopen became fully briefed, Vo was taken into ICE custody when he appeared for another check-in. *See* Pet. ¶ 37. ICE has procured valid travel documents for Vo issued by Vietnam, and ICE intends to remove Vo to Vietnam on March 15, 2026. *See id*. ¶¶ 37-39. Vo immediately filed with the BIA a request to expedite adjudication of his pending motions based on his imminent removal. *See id*. ¶ 38.

The Government has advised this Court that the BIA has adjudicated Vo's motion to stay removal, denying that motion on March 3, 2026. *See* Opp. at 1. Vo's motion to reopen his immigration proceedings remains pending before the BIA. *See id*. On March 6, 2026, Vo filed a notice advising the Court that the BIA has granted his motion to expedite his motion to reopen. *See* Notice, ECF 19. However, the BIA has not given any indication whether Vo's motion to reopen will be adjudicated before March 9, 2026. *See id*. Vo has not withdrawn his motion for a TRO. *See id*.

Vo filed the present mandamus action and motion for a TRO on March 3, 2026, five days after his motion to reopen filed with the BIA was fully briefed. The Court heard the motion for a TRO on March 5, 2026, exactly one week after the motion to reopen was fully briefed.

## II.   LEGAL STANDARD

A federal district court may grant temporary injunctive relief pursuant to Federal Rule of Civil Procedure 65. *See* Fed. R. Civ. P. 65(b). "[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (internal quotation marks and citation omitted). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious

United States District Court
Northern District of California

questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

The plaintiff must satisfy a more demanding standard when seeking a mandatory injunction, because ordering a party to take action (rather than refrain from it) "goes well beyond simply maintaining the status quo[.]" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotation marks and citation omitted).  To obtain a mandatory injunction, the moving party must show that the law and facts "clearly favor" the moving party's position, not simply that the moving party "is likely to succeed." *Id*.

### III.   DISCUSSION

Vo asks the Court to issue a TRO (1) enjoining execution of his removal order and (2) requiring the BIA to adjudicate his motion to reopen his immigration proceedings by March 9, 2026. *See* Mot. for TRO at 1.

The Government opposes Vo's motion for a TRO on two grounds.  First, the Government contends that this Court lacks subject matter jurisdiction to enjoin Vo's removal to Vietnam.  Second, the Government argues that Vo is not entitled to an injunction requiring the BIA to adjudicate his motion to reopen by March 9, 2026, because Vo has not shown a likelihood of success on the merits of his claims that the BIA has unreasonably delayed in adjudicating his motion to reopen.  Both arguments are well taken.

#### A.   The Court Lacks Jurisdiction to Enjoin Vo's Removal to Vietnam

This Court lacks jurisdiction to enjoin Vo's removal under 8 U.S.C. § 1252(g), which provides in relevant part that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien[.]"  8 U.S.C. § 1252(g) (emphasis added).  The Ninth Circuit has held unequivocally that § 1252(g) strips federal courts of jurisdiction to enjoin a noncitizen's removal pending the BIA's adjudication of the noncitizen's motion to reopen.  *See Rauda v. Jennings*, 55 F.4th 773, 777-78 (9th Cir. 2022).  Under § 1252(g),

the Attorney General's "discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it." *Id*. at 777.

Accordingly, Vo's motion is DENIED to the extent he seeks to enjoin his removal to Vietnam.

**B.    Vo has Not Shown a Likelihood of Success on the Merits of his Claims**

To the extent Vo seeks to compel the BIA to adjudicate his motion to reopen by March 9, 2026, Vo must satisfy the *Winter* factors by showing that (1) he is likely to prevail on his claims that the BIA has unreasonably delayed in adjudicating his motion to reopen; (2) he is likely to suffer irreparable harm in the absence of a TRO; (3) the balance of equities tips in his favor; and (4) a TRO is in the public interest. *See Winter*, 555 U.S. at 20.

"The first factor under *Winter* is the most important – likely success on the merits." *Garcia*, 786 F.3d at 740. Vo's burden here is "doubly demanding" because he seeks a mandatory injunction requiring the BIA to act by a specified date. *Id*. In order to obtain the requested mandatory injunctive relief, Vo must show not only that he is "likely to succeed" on the merits of his claims, but that the law and facts "clearly favor" his position. *Id*. When a plaintiff fails to make this showing, a court need not consider the remaining three *Winter* factors. *See id*.

Vo's petition contains two claims, the first brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., and the second brought under the Mandamus Act, 28 U.S.C. § 1361. *See* Pet. ¶¶ 47-58. Under the APA, a district court has jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and under the Mandamus Act a district court may "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361. When, as here, claims under the APA and the Mandamus Act are based on the same assertion of unreasonable agency delay, the two claims may be treated together because they seek essentially the same relief. *See Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019). Such claims are evaluated under the six-factor test set forth in *Telecommunications Research & Action Center v. F.C.C. ("TRAC")*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (the "*TRAC* factors"). *See id*. at 1216 n.7; *see also Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).

5

Vo's motion for a TRO does not mention the *TRAC* factors. The Court nonetheless considers whether Vo's arguments entitle him to relief under these factors.

The *TRAC* factors are:

(1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Brower*, 257 F.3d at 1068 (citation omitted); *see also TRAC*, 750 F.2d at 80.

### 1.    First *TRAC* Factor:  Rule of Reason

Under the first factor, applying a "rule of reason" to the asserted governmental delay, the Court considers "whether there is any rhyme or reason for the Government's delay – in other words, whether the agency's response time . . . is governed by an identifiable rationale." *Poursohi v. Blinken*, No. 21-CV-01960-TSH, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021) (quotation marks and citation omitted). This is the most important factor in the analysis. *See NRDC v. United States EPA*, 956 F.3d 1134, 1139 (9th Cir. 2020). Here, less than a week elapsed between the completion of briefing on Vo's motion to reopen and his filing of the present motion for TRO. Although Vo has established an emergency situation – removal to Vietnam scheduled for March 15, 2026 – he has not cited any case suggesting that the BIA's failure to act within a matter of days was unreasonable. At the hearing, Vo's counsel handed up to the Court excerpts of the BIA's internal practice manual, showing that the BIA has authority to expedite a motion to reopen when removal is imminent. Counsel conceded, however, that the decision to expedite falls within the BIA's complete discretion. Nothing in the manual requires the BIA to act on a motion to reopen within days or weeks.

The first *TRAC* factor favors the Government.

### 2.    Second *TRAC* Factor:  Congressional Timetable

Congress has not provided a timetable for adjudicating motions to reopen. The applicable

regulations offer guidance indicating that the BIA generally should dispose of matters within 90 days of completion of the record when the case is assigned to a single Board member and within 180 if the case is assigned to a three-member panel. *See* 8 C.F.R. § 1003.1(e)(8). The BIA has discretion to act faster in certain circumstances. *See id.* However, nothing in the applicable regulations suggests that the BIA has an obligation to act on the shortened time frame urged by Vo here. Vo directs the Court's attention to a new regulation intended to provide for faster review of BIA proceedings, which will take effect on March 9, 2026. *See Appellate Procedures for the Board of Immigration Appeals*, 91 Fed. Reg. 5267 (Feb. 6, 2026). The new regulation will apply only prospectively. *See id.* Accordingly, Vo's reliance on the new regulation is misplaced.

The second *TRAC* factor favors the Government.

### 3.       Third and Fifth *TRAC* Factors:  Nature of Interests

"The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay." *Poursohi*, 2021 WL 5331446, at *9. "Merely stating that a delay will negatively impact the life of the applicant and put the lives of his family members on hold" is insufficient." *Khushnood v. United States Citizenship & Immigr. Servs.*, No. CV 21-2166 (FYP), 2022 WL 407152, at *4 (D.D.C. Feb. 10, 2022) (internal quotation marks and citation omitted). Even so, because it is clear that the BIA's asserted delay in adjudicating Vo's motion to reopen profoundly affects his health and welfare, the Court finds that these factors favor him.

The third and fifth *TRAC* factors favor Vo.

### 4.       Fourth *TRAC* Factor:  Effect of Expediting Delayed Action

"The fourth *TRAC* factor requires the Court to consider the effect of expediting adjudication of plaintiffs' applications on agency action of a higher or competing priority." *Jain v. Renaud*, No. 21-CV-03115-VKD, 2021 WL 2458356, at *6 (N.D. Cal. June 16, 2021) (internal quotation marks and citation omitted). "Most courts have found that the fourth *TRAC* factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain." *Id.* (collecting cases). Defendant argues that this is precisely the effect that the requested relief would have here, and the

7

Court agrees that this is the case.

The fourth *TRAC* factor favors the Government.

### 5.    Sixth *TRAC* Factor:  Impropriety

The sixth *TRAC* factor requires the Court to consider any impropriety on the part of the Government.  No impropriety appears on this record.

The sixth *TRAC* factor favors the Government.

### 6.    Conclusion

The first *TRAC* factor, considered to be the most important, favors the Government rather than Vo.  A majority of the other *TRAC* factors favor the Government as well.  Vo therefore has failed to show that he is likely to succeed on the merits of his claims.  Because Vo has failed to satisfy the first *Winter* factor, the Court need not and does not consider the remaining *Winter* factors.  *See Garcia*, 786 F.3d at 740.

Accordingly, Vo's motion is DENIED to the extent he seeks to compel the BIA to adjudicate his motion to reopen by March 9, 2026.

## IV.    ORDER

(1)    The motion for a TRO is DENIED; and

(2)    This order terminates ECF 2.

Dated:  March 6, 2026

BETH LABSON FREEMAN
United States District Judge